# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHARONDA ROBINSON, as Personal Representative
of the Estate of OMARION HARDY, deceased,

          Plaintiff,

    -vs-

DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C.;
HURLEY MEDICAL CENTER; HAMILTON
COMMUNITY HEALTH NETWORK, INC.,
d/b/a HAMILTON FAMILY HEALTH CENTER;
DR. DAVID PYATT and DR. XIAOYING WU,
Jointly and Severally,

          Defendants.

Case: 2:07-cv-14999
Judge: Battani, Marianne O
Referral MJ: Morgan, Virginia M
Filed: 11-26-2007 At 08:58 AM
REM ROBINSON V YOUNG ET AL (RRH)

## NOTICE OF REMOVAL

Defendants, Dr. Larry Young, Dr. Larry Young, M.D., P.C., ("Young"), Hamilton

Community Health Network, Inc., d/b/a Hamilton Family Health Center ("Hamilton"),

petitioners herein, by their attorneys, Stephen J. Murphy, III, United States Attorney for the

Eastern District of Michigan, Southern Division, and Elizabeth J. Larin, Assistant United States

Attorney, pursuant to 42 U.S.C. §233(c) and 28 U.S.C. §2679(d); hereby remove this action

(Case No. 07-86525), which is now pending in the Genesee County Circuit Court from said

circuit court to the United States District Court for the Eastern District of Michigan, Southern

Division.  This action is removable because defendants Young and Hamilton have been deemed

eligible for coverage under the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b), pursuant to

the Federally Supported Health Centers Assistance Act of 1992 (Public Law 102-501), 42 U.S.C.

§233(g)(1).  Accordingly, defendant Young was en employee of Hamilton, which was an "entity"

within the meaning of 42 U.S.C. §233(g), and therefore Young and Hamilton are deemed to be employees of the U.S. Public Health Service covered by 42 U.S.C. §233(a) and (c). Therefore, pursuant to 42 U.S.C. §233(a) and (g), defendants Young and Hamilton have been deemed eligible for coverage under the FTCA. Under 42 U.S.C. §233(a) and (g), a claim against the United States under the Federal Tort Claims Act is the exclusive remedy available to the plaintiff in this case with respect to the alleged acts or omissions of defendant Young and his employer, Hamilton.

This action is removable because L. Michael Wicks, Chief of the Civil Division of the United States·Attorney's Office for the Eastern District of Michigan, who is the appropriate official of the Department of Justice, has certified that defendants Young and Hamilton, who have been deemed employees of the U.S. Public Health Service, were acting in the scope of such employment at the time of the incident out of which this suit arose. See attached Certificate of Scope of Employment.

This removal is timely because an action may be removed under 28 U.S.C. §2679(d) or 42 U.S.C. §233(c)"...at any time before trial...". Copies of all pleadings served upon the petitioners are attached.

**WHEREFORE**, petitioners request that the files and pleadings filed in the Genesee County Circuit Court, Action No. 07-86525 be transmitted forthwith by the Clerk of that

2

Court to the Clerk of the United States District Court for the Eastern District of Michigan, since this action is now pending in this Court.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

ELIZABETH J. LARIN (P32254)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
PHONE: (313) 226.9782

Dated: November 26, 2007

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHARONDA ROBINSON, as Personal Representative
of the Estate of OMARION HARDY, deceased,

    Plaintiff,       CIVIL NO.

  -vs-           HON.

DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C.;
HURLEY MEDICAL CENTER; HAMILTON
COMMUNITY HEALTH NETWORK, INC.,
d/b/a HAMILTON FAMILY HEALTH CENTER;
DR. DAVID PYATT and DR. XIAOYING WU,
Jointly and Severally,

    Defendants.

_____/

## CERTIFICATE OF SCOPE OF EMPLOYMENT

Pursuant to 28 U.S.C. §2679(d), made applicable by the Federally Supported Health

Centers Assistance Act of 1992 (Pub.L. 102-501), 42 U.S.C. §233(c), (g)-(n); and by virtue of the

authority vested in the United States Attorney for the Eastern District of Michigan by the

Attorney General under 28 C.F.R. §15.3, and re-delegated to me by the administrative directive

of the United States Attorney, I hereby certify:

  1.  I have read the complaint in this action, all attachments thereto and

information provided by the department of Health and Human Services.

  2.  On the basis of the information now available, the defendant Larry Young and

Larry Young, M.D., P.C. ("Young") was employed by the defendant Hamilton Community

Health Network, Inc., d/b/a Hamilton Family Health Center ("Hamilton"), an entity deemed to be

an employee of the U.S. Public Health Service within the meaning of 42 U.S.C. §233(c) and

(g),and was acting within the scope of such employment at the time of the incident on which the

complaint is based.

Therefore, defendants Young and Hamilton, have been deemed eligible for Federal Tort

Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act of 1992

(Pub. L. 102-501), 42 U.S.C. §233(g)-(n).

<div style="margin-left: 50%;">

STEPHEN J. MURPHY
United States Attorney


L. MICHAEL WICKS
Chief, Civil Division
Office of the U.S. Attorney
Eastern District of Michigan

</div>

Dated: November 26, 2007

SCAO
Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

**STATE OF MICHIGAN**
GENESEE
JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO.
0 7 - 8 6 5 2 5
RICHARD B. YUILLE NH
P-22664

Court address
900 S. Michigan, Flint, Michigan

Court telephone no.

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| Sharonda Robinson, as Personal Representative of the Estate of Omarion Hardy, deceased | v | Dr. Larry Young; Dr. Larry Young, M.D., P.C.; Hurley Medical Center; Hamilton Community Health Network, Inc., d/b/a Hamilton Family Health Center; Dr. David Pyatt and Dr. Xiaoying Wu |

Plaintiff attorney, bar no., address, and telephone no.
Richard G. Brewer (P31124)
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file an answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| JUN 2 0 2007 | SEP 19 2007 | *Paulette D...* |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Genesee County | Genesee County |
| Place where action arose or business conducted | |
| Genesee County, Michigan | |

6-20-07
Date

Signature of attorney/plaintiff  RICHARD G. BREWER

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/06)  **SUMMONS AND COMPLAINT**
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**<br>Case No. |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE**     **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2), and that:  (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached)  a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

| Service fee | Miles traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ |  | $ | $ | Signature _____ |
|  |  |  |  | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                            Date                              Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                          Attachments

_____ on _____
                              Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SHARONDA ROBINSON, as Personal
Representative of the Estate of OMARION
HARDY, deceased,

        Plaintiff,

vs.

LARRY YOUNG, M.D.; LARRY YOUNG,
M.D., P.C.; HAMILTON COMMUNITY HEALTH
NETWORK, INC., d/b/a HAMILTON FAMILY
HEALTH CENTER; HURLEY MEDICAL CENTER;
DR. XIAOYING WU; and DR. DAVID PYATT,
jointly and severally,

        Defendants.

Case No:
Judge

07 - 88525

RICHARD B. YUILLE
P-22664

---

**RICHARD G. BREWER (P31124)**
Attorney for Plaintiff
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, Michigan  48075-1100
(248) 355-0300

---

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

There is no other pending or resolved civil action out of the transaction or
occurrence alleged in the Complaint.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Sharonda Robinson, as Personal Representative of the Estate

of Omarion Hardy, deceased, by and through her attorneys, SOMMERS SCHWARTZ, P.C.,

and complains against the above-captioned Defendants, states as follows:

## VENUE AND JURISDICTION

1.    That at all times pertinent hereto your Plaintiff is a resident of 602 West Hamilton,

City of Flint, County of Genesee, State of Michigan.

A TRUE COPY
Michael J. Carr, Clerk

2.     That at all times pertinent hereto, your Plaintiff, Sharonda Robinson, was and is the duly appointed personal representative of the Estate of Omarion Hardy, deceased.

3.     That at all times pertinent hereto Defendant, Dr. Larry Young, M.D., was a medical doctor specializing in obstetrics and gynecology and authorized to and practicing medicine at 3535 Beecher Road, Suite A, in the City of Flint, County of Genesee, State of Michigan.

4.     That at all times pertinent hereto Defendant, Dr. Larry Young, was an agent, servant and/or employee of Dr. Larry Young, M.D., P.C. and/or Hamilton Family Health Center.

5.     That at all times pertinent hereto Defendant, Dr. Larry Young, M.D., P.C., was a Michigan professional corporation authorized to do and doing business at 3535 Beecher Road, Suite A, City of Flint, County of Genesee, State of Michigan.

6.     That at all times pertinent hereto Defendant, Hamilton Community Health Network, Inc., d/b/a Hamilton Family Health Center, was a Michigan medical facility authorized to and practicing medicine at 4001 North Saginaw, in the City of Flint, County of Genesee, State of Michigan and was at all times pertinent hereto was the employer or principle and/or ostensible principle of Dr. Larry Young, M.D.

7.     That at all times pertinent hereto Defendant, Hurley Medical Center, is a publicly owned, non-profit teaching hospital authorized to do and doing business under the laws of the State of Michigan and having a health care facility located at One Hurley Plaza, in the City of Flint, County of Genesee, State of Michigan and was at all times hereto, the principle employer and/or ostensible principle of Defendants, Dr. Xiaoying Wu and/or Dr. David Pyatt as well as other physicians involved in the care and treatment of Plaintiff's decedent.

8.     That at all times pertinent hereto Defendant, Dr. Xiaoying Wu, and/or other physicians in the employ of Defendant, Hurley Medical Center, were agents, servants and/or employees of Defendant, Hurley Medical Center, and were licensed medical professionals

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

practicing the specialty of obstetrics and gynecology at Defendant, Hurley Medical Center, One Hurley Plaza, City of Flint, County of Genesee, State of Michigan.

9.    That at all times pertinent hereto Defendant, Dr. David Pyatt, was a duly licensed physician practicing at One Hurley Plaza, City of Flint, County of Genesee, State of Michigan and/or at 1166 North Ballenger Highway, City of Flint, County of Genesee, State of Michigan and at all times pertinent hereto practiced the medical specialty of obstetrics and gynecology.

10.    That the incident giving rise to the Complaint as more fully described herein occurred in the County of Genesee, State of Michigan.

11.    That the amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, cost and attorney fees.

12.    That all Defendants in this matter have received a Notice of Intent to File a Claim pursuant to MCLA 600.2912 182 or more days prior to the filing of this Complaint.

## FACTUAL ALLEGATIONS

13.    That in the summer of 2003, Plaintiff's decedent's mother, Onisha Lee Hardy, became pregnant.

14.    That Onisha Hardy presented herself to Dr. Larry Young, M.D., an obstetrician – gynecologist, who confirmed that Ms. Hardy was, in fact, pregnant and indicated that her EDC was 2-27-04.

15.    That Onisha Hardy continued to treat with Dr. Young for prenatal care.

16.    That Dr. Young, at all times pertinent hereto, was board certified in obstetrics and gynecology and was an agent, servant and/or employee of Dr. Larry Young, M.D., P.C. and/or Defendant, Hamilton Family Health Center.

17.    That during the course of Ms. Hardy's prenatal care, it was noted that Ms. Hardy's laboratory studies were abnormal and that her protides blood tests were abnormal.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

3

18. That on or about January 6, 2004, Onisha Hardy presented herself to Defendant, Hurley Medical Center.

19. That on or about January 6, 2004, Onisha Hardy's care was assigned by Hurley Medical Center to Dr. David Pyatt and/or Dr. Xiaoying Wu, both of whom were, at all times pertinent hereto, agents, servants, employees and/or ostensible agents of Defendant, Hurley Medical Center, and at all times pertinent hereto, were board certified and practicing the specialty of obstetrics and gynecology.

20. That on presentation on January 6, 2004, Onisha Hardy's fetus was alive and kicking and was, at all times pertinent, viable.

21. That Ms. Hardy believed herself to be in labor on January 6, 2004 and was experiencing contractions occurring between 2 and 8 minutes apart.

22. That doctors, who were agents, servants and/or employees of Hurley Medical Center, including but not limited to, Dr. David Pyatt and Dr. Xiaoying Wu, prescribed a Brethine tocolytic therapy to stop the labor.

23. That Brethine, as prescribed, was not prescribed appropriately and that the dosage was incorrect and the term of administration was improper.

24. That, Drs. Pyatt, Wu and others in the employ of Hurley Medical Center, did confer with Defendant, Dr. Young, and with Dr. Young's approval, Onisha Hardy was discharged from the hospital with instructions to follow up with Dr. Young the following day.

25. That the discharge was made despite the fact that Onisha Hardy had abnormal liver enzymes, her pro-time levels were elevated, the D-dimer levels were elevated and she was complaining of abdominal pain.

26. That at the time of discharge, fetal monitoring strips showed fetal tachycardia and decelerations.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

4

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-4300

27.    That prior to discharge, Onisha Hardy's laboratory chemistries demonstrated a coagulation anomaly.

28.    That the following morning, January 7, 2004, Onisha Hardy called agents, servants and/or employees of Defendant, Hurley Medical Center, and advised them that she still felt that she was in labor and that although the baby was still moving, she felt that the baby's movements had decreased and that she felt that she needed to be readmitted to the hospital.

29.    That agents, servants and/or employees of Hurley Medical Center advised Onisha Hardy not to come to the hospital but to rather keep her appointment later that day with Defendant, Dr. Young.

30.    That Onisha Hardy did, in fact, present herself to Dr. Young as scheduled.

31.    That at that time, Onisha Hardy's fetus was still moving and viable but the heart rate was depressed.

32.    That Defendant, Dr. Young, sent Onisha Hardy to Hurley Medical Center for purposes of undergoing an ultrasound.

33.    That on January 7, 2004, sometime slightly after noon, Onisha Hardy presented herself to Hurley Medical Center as directed by Defendant, Dr. Young.

34.    That at that time, Onisha Hardy's care was assigned to agents, servants and/or employees of Hurley Medical Center and she was also cared for Dr. Young.

35.    That the ultrasound that was performed on that date showed a normal fetal anatomy at the fetal age of 32 weeks.

36.    That while at Hurley Medical Center, fetal movement stopped and on January 8, 2004, the baby, Omarion Hardy, was delivered still born.

37.    That placental pathology suggested possible placental abruption.

5

38.     That Defendants, individually and collectively, were guilty of professional negligence and/or medical malpractice in the care and treatment of Onisha Hardy and Plaintiff's decedent and their individual and collective acts of negligence did cause and/or contribute to Plaintiff's decedent's otherwise unnecessary and untimely demise.

WHEREFORE, your Plaintiff prays for judgment in her favor and against Defendant in whatever amount to which she is found entitled in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, cost and attorney fees as well as interest, cost and attorney fees that he has been so wrongfully forced to incur.

## NEGLIGENCE AND/OR MALPRACTICE

39.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-38 as if the same were set forth herein, word for word, line by line, paragraph by paragraph.

40.     That in the year 2003, Dr. Larry Young accepted Onisha Hardy as a patient and did further agree to render appropriate and proper medical care to her as well as to her unborn infant as conditions warranted.

41.     That at all times pertinent hereto, Dr. Larry Young, M.D. was engaged in and held himself out to the public as a specialist in the field of obstetrics and gynecology and therefore, pursuant to MCL 600.2912(a), owed a duty to Onisha Hardy and her unborn fetus to practice the art of obstetrics and gynecology in light of the state of the art existing at the time of the alleged malpractice and to conform his treatment to recognized standards of care or practice within the specialty of obstetrics and gynecology.

42.     That on January 6, 2004, the actions that the standard of practice required and that should have been taken include the following:

> a.     All Defendants rendering care to Onisha hardy should have recognized that Onisha Hardy was presenting with developing placental abruption and

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

coagulation abnormality, and further that the fetus was in significant distress requiring emergency intervention;

b.    All Defendants  should have admitted Onisha Hardy to the hospital;

c.    All Defendants should have ordered a non-stress test and/or biophysical profile;

d.    All Defendants should have ordered an immediate ultrasound;

e.    All Defendants should have ordered additional prolonged fetal testing and obtained the information that would have been available from these tests;

f.    All Defendants should have ordered an emergency cesarian section.

43.    That on January 7, 2004, the actions that the standard of practice required and that should have been taken include the same acts as enumerated above in 42 a-f, all of which could have been accomplished prior to Plaintiff's decedent's demise.

44.    That notwithstanding the duties owed to Onisha Hardy and her unborn child, Plaintiff's decedent, Defendant, Dr. Young, did not exercise that degree of learning, skill, knowledge and diligence required of him and was guilty of professional negligence and/or malpractice by violating that standard of care or practice and did, in fact, violate the standard of care or practice by committing acts or omissions which include but are not limited to the following:

a.    By failing on January 6, 2004 to recognize that Onisha Hardy was suffering a  possible abruption of the placenta, and further, failing to recognize that the fetus, Plaintiff's decedent, was in distress and further, that Onisha Hardy was suffering a coagulation anomaly;

b.    By failing to require that Onisha Hardy be admitted to the hospital;

c.    By failing to order a non-stress test or biophysical profile;

d.    By failing to properly prescribe to tocolytic therapy;

e.    By failing to properly monitor Plaintiff's decedent in utero;

f.    By failing to obtain an immediate and timely ultrasound;

g.    By failing to recognize that Plaintiff's decedent was suffering fetal distress;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

7

    h.    By failing to perform an urgent cesarian section and deliver the baby before the onset of fetal demise.

45.    That on or about January 7, 2004, Defendant, Dr. Young, deviated from the applicable standard of care or practice by committing acts or omissions which include, but are not limited to the following:

    a.    By failing to recognize the significance of Onisha Hardy's complaints;

    b.    By failing to advise Ms. Hardy to present herself immediately to the hospital on an emergent basis;

    c.    By failing to obtain an immediate ultrasound;

    d.    By failing to obtain an immediate non-stress test and/or biophysical profile;

    e.    By failing to appreciate the significance of Plaintiff's decedent's fetal distress;

    f.    By failing to perform an emergent cesarian section.

46.    That at all times pertinent hereto, Defendants, Dr. Pyatt and Wu, and/or other physicians who were agents, servants and/or employees of Defendant, Hurley Medical Center, were engaged in and held themselves out to the public as specialists in the field of obstetrics and gynecology and therefore, pursuant to MCL 600.2912(a), owed a duty to Onisha Hardy and Plaintiff's decedent to practice their art in light of the state of the art existing at the time and to conform their treatment to the recognized standard of care or practice within the specialty of obstetrics and gynecology.

47.    That notwithstanding the duties owed to Onisha Hardy and Plaintiff's decedent, Defendants, Dr. Pyatt, Dr. Wu and others in the employ or service of Defendant, Hurley Medical Center, failed to exercise that degree of learning, skill, judgment and diligence required of them and were guilty of professional negligence and/or malpractice and in violation of their duties, committed acts or omissions which constitute professional negligence and/or malpractice including, but not limited to the following:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

8

a.    By failing on January 6, 2004 to recognize that Onisha Hardy was suffering a possible abruption of the placenta, and further, failing to recognize that the fetus, Plaintiff's decedent, was in distress and further, that Onisha Hardy was suffering a coagulation anomaly;

b.    By failing to require that Onisha Hardy be admitted to the hospital;

c.    By failing to order a non-stress test or biophysical profile;

d.    By failing to properly prescribe to tocolytic therapy;

e.    By failing to properly monitor Plaintiff's decedent in utero;

f.    By failing to obtain an immediate and timely ultrasound;

g.    By failing to recognize that Plaintiff's decedent was suffering fetal distress;

h.    By failing to perform an urgent cesarian section and deliver the baby before the onset of fetal demise.

i.    By failing to recognize the significance of Onisha Hardy's complaints;

j.    By failing to advise Ms. Hardy to present herself immediately to the hospital on an emergent basis;

k.    By failing to obtain an immediate ultrasound;

l.    By failing to obtain an immediate non-stress test and/or biophysical profile;

m.    By failing to appreciate the significance of Plaintiff's decedent's fetal distress;

n.    By failing to perform an emergent cesarian section.

48.    That Defendants, Hurley Medical Center, Dr. Larry Young, M.D., P.C. and/or Hamilton Family Health Center, are vicariously liable for the acts and/or omissions of their agents, servants, employees and/or ostensible agents as set forth above.

49.    That Defendants, Hurley Medical Center, Dr. Larry Young, M.D., P.C. and/or Hamilton Family Health Center, at all times pertinent hereto, were engaged in and held themselves out to the public as professional corporations which provided medical practitioners to provide medical treatment to the public who might present themselves to their facilities and

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER  •  SUITE 900  •  SOUTHFIELD, MICHIGAN 48075  •  (248) 355-0300

9

further represented that they were providing competent physicians, nurses and employees specializing in the care and treatment of individuals who came to them for medical treatment.

50.     That notwithstanding their duties and obligations as aforesaid, Defendants, Hurley Medical Center, Dr. Larry Young, M.D., P.C. and/or Hamilton Family Health Center, failed to provide Onisha Hardy and/or Plaintiff's decedent with competent doctors, nurses and other personnel and failed to fully and completely attend to Plaintiff's decedent and were thereby guilty of negligence and malpractice and committed acts or omissions which include but are not limited to the following:

a.     By failing to provide Plaintiff's decedent with the care and treatment customarily and ordinarily administered by physicians practicing the specialty of obstetrics and gynecology;

b.     By failing to have in its employ nurses, doctors and other persons who were fit, skilled and competent;

c.     By failing to maintain a staff of qualified responsible persons of suitable ability to provide proper care and adequate medical care for Plaintiff's decedent;

d.     By failing to staff the hospital and/or clinic with an appropriate number of trained personnel;

e.     By failing to adequately direct, supervise, monitor and control its staff members and staff physicians and/or its agents, servants, employees and/or ostensible agents;

f.     By failing to establish rules, regulations or guidelines for its physicians which sets forth with particularity and clarity of what should be done when symptoms such as those presented by Onisha Hardy became apparent;

g.     By failing to establish rules, regulations or guidelines for its physicians which sets forth with particularity and clarity of what should be done when fetal distress was noted in a patient presented to them for care;

h.     By failing to establish rules, regulations or guidelines for determining when certain testing should be undertaken;

i.     By having employees, agents, servants and/or ostensible agents who committed those acts of professional negligence discussed in the paragraphs above;

j.     By committing other acts or professional negligence and/or malpractice.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER   •   SUITE 900   •   SOUTHFIELD, MICHIGAN 48075   •   (248) 355-0300

10

51.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, it would become apparent to the healthcare professionals rendering care and treatment to Onisha Hardy on January 6, 2004 and January 7, 2004 that Onisha Hardy needed to be hospitalized, needed an ultrasound, needed a non-stress test or biophysical profile and that Plaintiff's decedent needed an emergent cesarian section delivery.

52.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, Omarion Hardy was allowed to remain in utero while in significant fetal distress and more likely than not, as a consequence of a developing placental abruption.

53.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, an emergency cesarian section was not performed, fetal distress was allowed to continue, all of which resulted in the death of Omarion Hardy in utero.

54.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, Omarion Hardy was allowed to receive insufficient oxygen and nutrients due to placental defect and/or coagulation anomaly, including but not limited to a possible developing placental abruption which caused Omarion Hardy to suffer anoxic and metabolic injury to the brain and other vital systems resulting in his death in utero.

55.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, Omarion Hardy was allowed to remain in utero while in significant fetal distress, fetal distress which an emergent cesarian section would have alleviated and therefore prevented his death.

56.     That as a direct and proximate result of the acts or omissions of the Defendants as set forth above, timely intervention by emergency cesarian section delivery was not performed and as a consequence, Omarion Hardy was allowed to die in utero.

WHEREFORE, your Plaintiff prays for judgment in her favor and against Defendant in whatever amount to which she is found entitled in excess of Twenty-Five Thousand

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER   •   SUITE 900   •   SOUTHFIELD, MICHIGAN 48075   •   (248) 355-0300

11

($25,000.00) Dollars, exclusive of interest, cost and attorney fees as well as interest, cost and attorney fees that he has been so wrongfully forced to incur.

## DAMAGES

57.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-55 as if the same were set forth herein, word by word, line by line, paragraph by paragraph.

58.     That as a direct and proximate result of the collective acts of negligence and malpractice as described above, your Plaintiff's decedent, Omarion Hardy, suffered severe, permanent and progressive injuries including, but not limited to, death.

59.     That as a direct and proximate result of the collective acts of negligence and malpractice as described above, Plaintiff's decedent did suffer extreme pain, suffering and discomfort up to and until the time of his demise.

60.     That Plaintiff, as personal representative of the Estate of Omarion Hardy, is entitled to all damages for the wrongful death of Plaintiff's decedent, including but not limited to reasonable medical, hospital, funeral and burial expenses pursuant to the statutes of the State of Michigan and in particular, MCL 600.2922 and any amendments thereto.

61.     That Plaintiff's decedent is survived by the following individuals:

    a.     Mother, Onisha Hardy

    b.     Grandmother, Sharonda Robinson

    c.     Siblings

62.     That as a direct and proximate result of the collective acts of negligence and malpractice as described above, members of Plaintiff's decedent's family have suffered a loss of society and companionship, financial support and comfort as a result of Plaintiff's decedent's demise.

12

63.    That as a direct and proximate result of the collective acts of negligence and malpractice as described above, Plaintiff's decedent has suffered a loss of future earning capacity and his family has suffered a loss of future support.

WHEREFORE, your Plaintiff respectfully prays that this Court grant her a judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of Twenty Five Thousand and 00/100 Dollars ($25,000.00), to which the trier of fact finds she is entitled to, exclusive of interest, costs and attorneys fees as well as interest, costs and attorney fees she has so wrongfully forced to incur.

<div align="center">

**<u>DEMAND FOR JURY IS HEREBY MADE.</u>**

</div>

SOMMERS SCHWARTZ, P.C.

By: _____

RICHARD G. BREWER (P31124)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075-1100
(248) 355-0300

Dated:  June 20, 2007

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

13

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHARONDA ROBINSON, as Personal Representative
of the Estate of OMARION HARDY, deceased,

                Plaintiff,

    -vs-

DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C.;
HURLEY MEDICAL CENTER; HAMILTON
COMMUNITY HEALTH NETWORK, INC.,
d/b/a HAMILTON FAMILY HEALTH CENTER;
DR. DAVID PYATT and DR. XIAOYING WU,
Jointly and Severally,

                Defendants.

_____/

Case: 2:07-cv-14999
Judge: Battani, Marianne O
Referral MJ: Morgan, Virginia M
Filed: 11-26-2007 At 04:38 PM
REM ROBINSON V YOUNG (RRH)

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **Notice Of Removal, Notice Of Filing Notice Of Removal,** and **Certificate of Scope Of Employment** has this 21st day of November, 2007, been made upon the following by placing same in a post-paid envelope, and depositing said envelope in a United States mail addressed to:

CLERK OF THE COURT
Genesee County Circuit Court
900 S. Saginaw Street, Ste. 3W
Flint, MI 48502-1517

RICHARD G. BREWER
2000 Town Center, Ste. 900
Southfield, MI 48075-1100

_____
Pat Reinhold, Legal Assistant
Office of the United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARONDA ROBINSON, as Personal Representative
of the Estate of OMARION HARDY, deceased,

         Plaintiff,

   -vs-

Case: 2:07-cv-14999
Judge: Battani, Marianne O
Referral MJ: Morgan, Virginia M
Filed: 11-26-2007 At 04:38 PM
REM ROBINSON V YOUNG (RRH)

DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C.;
HURLEY MEDICAL CENTER; HAMILTON
COMMUNITY HEALTH NETWORK, INC.,
d/b/a HAMILTON FAMILY HEALTH CENTER;
DR. DAVID PYATT and DR. XIAOYING WU,
Jointly and Severally,

         Defendants.

_____/

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **Notice Of Removal, Notice Of Filing**

**Notice Of Removal**, and **Certificate of Scope Of Employment** has this 21st day of November,

2007, been made upon the following  by placing same in a post-paid envelope, and depositing

said envelope in a United States mail addressed to:

CLERK OF THE COURT
Genesee County Circuit Court
900 S. Saginaw Street, Ste. 3W
Flint, MI 48502-1517

RICHARD G. BREWER
2000 Town Center, Ste. 900
Southfield, MI 48075-1100

ROBERT ROTH, ESQ.
3883 Telegraph Road
Bloomfield Hills, MI 48302

Pat Reinhold, Legal Assistant
Office of the United States Attorney

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHARONDA ROBINSON, as Personal Representative
of the Estate of OMARION HARDY, deceased,

        Plaintiff,

   -vs-

DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C.;
HURLEY MEDICAL CENTER; HAMILTON
COMMUNITY HEALTH NETWORK, INC.,
d/b/a HAMILTON FAMILY HEALTH CENTER;
DR. DAVID PYATT and DR. XIAOYING WU,
Jointly and Severally,

        Defendants.

_____/

Case: 2:07-cv-14999
Judge: Battani, Marianne O
Referral MJ: Morgan, Virginia M
Filed: 11-26-2007 At 04:38 PM
REM ROBINSON V YOUNG (RRH)

### CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **Notice Of Removal, Notice Of Filing**

**Notice Of Removal**, and **Certificate of Scope Of Employment** has this 26th day of November,

2007, been made upon the following by placing same in a post-paid envelope, and depositing

said envelope in a United States mail addressed to:

CLERK OF THE COURT
Genesee County Circuit Court
900 S. Saginaw Street, Ste. 3W
Flint, MI 48502-1517

ROBERT ROTH, ESQ.
3883 Telegraph Road
Bloomfield Hills, MI 48302

RICHARD G. BREWER
2000 Town Center, Ste. 900
Southfield, MI 48075-1100

Pat Reinhold, Legal Assistant
Office of the United States Attorney

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: GENESEE

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
SHARONDA ROBINSON, as Personal Representative of the Estate of OMARION HARDY, deceased,

**DEFENDANTS**
DR. LARRY YOUNG; DR. LARRY YOUNG, M.D., P.C HAMILTON COMMUNITY HEALTH NETWORK, INC., d/b/a HAMILTON FAMILY HEALTH CENTER, et al.

(b) County of Residence of First Listed GENESEE

County of Residence of First Listed GENESEE
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Name, Address and Telephone Number)
RICHARD G. BREWER, ESQ.
2000 Town Center, Ste. 900
Southfield, MI 48075-1100

Attorneys (If Known)
ELIZABETH J. LARIN, AUSA
211 W. Fort Street, Ste. 2001
Detroit, MI 48226

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One for Defendant)

Case: 2:07-cv-14999
Judge: Battani, Marianne O
Referral MJ: Morgan, Virginia M
Filed: 11-26-2007 At 08:58 AM
REM ROBINSON V YOUNG ET AL (RRH)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21; 881 | 28 USC 157 | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of | ☐ 320 Assault, Libel | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| Overpayment and Enforcement of Judgment | And Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | **LABOR** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | **FEDERAL TAX SUITS** | Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Litigation | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.) 42 U.S.C. §233 and 28 U.S.C. §2679(d)
Federally Supported Health Centers Assistance Act – medical malpractice.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ___ DOCKET NUMBER ___

DATE ___
SIGNATURE OF ATTORNEY OF RECORD
X _Elizabeth Larin_

## PURSUANT TO LOCAL RULE 83.11

1.　　　　　Is this a case that has been previously dismissed?　　　　　❏ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　❏ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　　Other than stated above, are there any pending or previously　　　❏ Yes
　　　　　　discontinued or dismissed companion cases in this or any　　　　❏ No
　　　　　　other court, including state court? (Companion cases are
　　　　　　matters in which it appears substantially similar evidence will
　　　　　　be offered or the same or related parties are present and the
　　　　　　cases arise out of the same transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: